AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>ARTURY MANRIQUE DIAZ-MONTEJO,<br><br>Defendant(s) | )<br>)<br>)  Case No. 12-8397-JMH<br>)<br>)<br>) |

FILED by _____ D.C.
OCT 04 2012
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __October 1, 2012__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | an alien, having previously been removed and deported from the United States on Nov. 21, 2011, was found to be in the United States, knowingly and unlawfully, without the Attorney General of the United States or his successor, the Secretary of Homeland Security (Title 6, United States Code, Sections 202(3), 202(4), and 557) having expressly consented to such alien reapplying for admission to the United States. |

This criminal complaint is based on these facts:

See attached affidavit of Department of Homeland Security, Customs and Border Protection, Border Patrol Agent Scott Stacy,

☑ Continued on the attached sheet.

_____
Complainant's signature

Border Patrol Agent Scott Stacy
Printed name and title

I find probable cause: Sworn to before me and signed in my presence.

Date: __10/04/2012__

_____
Judge's signature

City and state: __West Palm Beach, Florida__   U.S. Magistrate Judge JAMES M. HOPKINS
Printed name and title

# AFFIDAVIT
# OF
# AGENT SCOTT STACY
# DEPARTMENT OF HOMELAND SECURITY
# CUSTOMS and BORDER PROTECTION

I, Scott Stacy, being duly sworn, depose and state:

1. I am a Border Patrol Agent with the Department of Homeland Security, Customs and Border Protection (CBP) (formerly Immigration and Naturalization Service), and have been so employed for more than fifteen (15) years. I am currently assigned to the West Palm Beach Border Patrol Station, Riviera Beach, Florida. The station is located in the Southern District of Florida.

2. As a Border Patrol Agent, my duties include the detection and interdiction of individuals illegally entering the United States, and those aliens who are currently within the United States illegally. I am trained in detecting and locating individuals suspected of assisting aliens in their illegal entry into the United States by any means. I am also responsible for the investigation and processing of aliens who are entering or residing illegally in the United States as well as the investigation of people responsible for the smuggling of such undocumented aliens.

3. This affidavit is based upon an ongoing investigation. The information herein is further based on my review of the U.S. Citizenship and Immigration Service (USCIS) File Number A******654, court documents and reports, and interviews of Defendant. The statements contained in this affidavit are based upon my own personal knowledge, as well as

information provided to me by other law enforcement officials and employees of CBP. I have not included in this affidavit each and every fact and circumstance known to me, but only the facts and circumstances that I believe are sufficient to establish probable cause that Artury Manrique DIAZ-MONTEJO has committed a violation of Title 8, United States Code, Section 1326(a), illegal re-entry into the United States after deportation.

4. On October 1, 2012, Border Patrol agents from the West Palm Beach station received a call for assistance from the Palm Beach County Sheriff's Office (PBSO) through Border Patrol Sector Communications. The call referenced a PBSO deputy on a traffic stop southbound on Interstate 95 near the Boynton Beach Boulevard exit in Boynton Beach, Palm Beach County, Florida; the vehicle had several suspected illegal aliens inside of the vehicle and the deputy requested assistance.

5. Seven subjects were found in the vehicle including Artury Manrique DIAZ-MONTEJO, hereinafter Defendant.

6. Upon Border Patrol arriving on scene, the seven subjects were administratively questioned as to their citizenship. All seven subjects, including the Defendant, admitted to being citizens and nationals of countries other than the U.S., and to having entered the U.S. illegally. The seven subjects were placed under administrative arrest and transported to the West Palm Beach Border Patrol Station for vetting and processing.

7. Defendant was enrolled into the DHS e3 Processing System wherein the defendant's biographical information, a photograph, and fingerprints are searched in the

2

Automated Biometric Identification System (IDENT) and the Integrated Automated Fingerprint Identification System (IAFIS). The two systems check prior immigration and criminal history records based on input fingerprints.

8. Defendant was positive in both systems. Defendant was ordered removed on November 17, 2011, and was removed on November 21, 2011, from the United States to Guatemala.

9. I obtained the Immigration Judge's Order of Removal, dated November 17, 2011; the Form I-205, Warrant of Removal/Deportation bearing a photograph and right index fingerprint of the Defendant, dated November 21, 2011. I also obtained the Form I-294, a Warning to Alien Ordered Removed or Deported, bearing the defendant's right index fingerprint. (It should be noted that this form has the Defendant's name and fingerprint on it, although there are two typographical errors as it is dated October 7, 2010 and references a different File No.)

10. On October 2, 2012, a request was made to the National Records Center, Saint Louis, Missouri for Defendant's alien registration file and for a record of Non-Existence from the U.S. Citizenship and Immigration Services, Royal Palm Beach, Florida was obtained and confirmed that Defendant did not obtain permission from the Secretary of Homeland Security to legally return to the United States after removal.

11. Upon obtaining Defendant's alien registration file, a fingerprint comparison was conducted which confirmed that the person's fingerprint on the Form I-205 and Form I-294

matched Defendant's fingerprints obtained on October 1, 2012, at the time of his administrative processing.

12. Checks were conducted in the USCIS computer database. Information contained in the USCIS database indicated that Defendant had been last removed from the United States on November 21, 2011.

WHEREFORE, on the basis of the foregoing, your affiant submits that probable cause exists to charge defendant Artury Manrique DIAZ-MONTEJO with violation of Title 8, United States Code, Section 1326(a), that is, Illegal Re-Entry into the United States After Deportation.

FURTHER AFFIANT SAYETH NAUGHT.

---
SCOTT STACY
BORDER PATROL AGENT
CUSTOMS AND BORDER PROTECTION

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 4TH DAY OF
OCTOBER, 2012, AT WEST PALM
BEACH, FLORIDA.

---
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 12-8397-JMH

UNITED STATES OF AMERICA

vs.

ARTURY MANRIQUE DIAZ-MONTEJO,

    Defendant.
_____/

**CRIMINAL COVER SHEET**

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003? _____ Yes  _X_ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007? _____ Yes  _X_ No

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

BY: _____
JOHN C. McMILLAN, JR.
ASSISTANT UNITED STATES ATTORNEY
Admin. No. A5500228
500 S. Australian Avenue, Suite 400
West Palm Beach, FL 33401-6235
Tel: (561) 820-8711
Fax: (561) 820-8777
John.McMillan@usdoj.gov